# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**RANDOLPH R. SCOTT,**

      **Plaintiff,**

**v.**                                          **Civil Action No. 1:08cv209**
                                                **(Judge Keeley)**

**JAMES N. CROSS, Warden,**
**JOSEPH D. DAVIS, Past Warden,**
**MR. CRICKET, Case Manager,**
**MS. CHURCH, Case Manager,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On November 25, 2008, the *pro se* plaintiff, who is a federal inmate incarcerated at USP Hazelton, initiated this case by filing a civil rights complaint against the above-named defendants together with a Motion for Leave to Proceed *in forma pauperis*. On that same date, the Clerk's office sent the plaintiff a Deficiency Notice advising him that he must complete and submit a Prisoner Trust Account Report. On November 26, 2008, the plaintiff submitted the required form, and on December 3, 2008, the plaintiff was granted leave to proceed without prepayment of fees. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.02 and 28 U.S.C. §§ 1915A and 1915(e).

## I. The Complaint

In the complaint, plaintiff alleges that he is scheduled to be released from prison on January

6, 2009. In addition, the plaintiff alleges that he is homeless and without immediate family or friends with whom he can reside when released. The plaintiff claims that the defendants have been aware of his "situation" since August 2008. Although the BOP indicates that shelter has been secured for the plaintiff in his release community of Buffalo, New York, the plaintiff maintains that there has been no confirmation that there is a shelter available for the plaintiff, and the defendants state they are not responsible for securing shelter for him. Accordingly, the plaintiff indicates that when released, he simply will be given a bus ticket to Buffalo with a gratuity of $100.00, without secured shelter in mid January to fend for himself. The plaintiff contends that this will violate his Fourteenth Amendment right to due process. As relief, he seeks $250,000 in punitive damages and sanctions.

## II. Analysis

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

---

[1] Id.

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is patently clear that the plaintiff could not have exhausted his administrative remedies prior to filing his complaint with this court. Although it is not clear when he attempted informal resolution or when he filed the written complaint with the warden, it was denied on October 3, 2008. (Doc. 1, p. 3). The plaintiff indicates that he appealed to the Central Office[2], but, unlike

---

[2]The undersigned assumes the plaintiff is referring to the Regional Director, who would be the next individual to whom the plaintiff would submit his grievance in the administrative process.

the Warden's denial, he has not attached anything indicating the response to his BP-10.[3] However, it is pertinent to note that the regional office has a minimum of 30 calendar days to respond and a maximum of 60. See 28 C.F.R. § 542.18. Assuming the regional office response was not satisfactory to the plaintiff, he would then have to file a BP-11 with the General Counsel, who would have a minimum of 40 calendar days to respond and a maximum of 60.

The plaintiff's complaint was signed and notarized on November 21, 2008, forty-nine days after his BP-8 was denied by the Warden. Therefore, the plaintiff had insufficient time to file his BP-9, receive a response, file a BP-10 and receive a response, thus exhausting his administrative remedies, before filing his complaint with this Court. Accordingly, it is clear from the face of the complaint that the plaintiff could not have exhausted his administrative remedies, and *sua sponte* dismissal is warranted.

## IV. RECOMMENDATION

In consideration of the foregoing, it is recommended that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §

---

[3] As noted in the text of the Report and Recommendation, the plaintiff had 20 days to appeal to the Regional Director. The Regional Director would then have a minimum of 30 days to respond and a maximum of 60 days. See 28 C.F.R. § 542.18.

636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: 12-5-08

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE